J. JONES, Justice,
specially concurring.
I concur in the Court’s opinion, recognizing that the result is unfortunate for Mrs. Wads-worth. She ends up getting approximately $13,700 less in principal than she should have received on the Note and has also lost the interest that would have accrued on that amount from April of 1997. However, her loss was not occasioned by the actions of the Grovers. The Grovers paid the full $104,000 that they agreed to pay for the property but, unfortunately, approximately $13,700 of that amount, which should have gone to the Wadsworths, went, instead, to Gaston-Jensen. That resulted from what appears to be an erroneous calculation of the Note pay-off by Mr. Wadsworth. As the district court observed, Gaston-Jensen may have been the appropriate source of redress. In oral argument before the Court, the Wadsworths’ attorney indicated that pursuit against GastonJensen was barred by the statute of limitations at the time the problem came to light, but that does not make the Grovers any more responsible to provide redress. Mr. Grover could have made more inquiry into the issue regarding the pay-off, as it appears the balance of the Note was smaller than one might have expected at the time the Grovers took responsibility for it, but, on the other hand, it was not unreasonable for the Grovers to accept the pay-off figure provided by Mr. Wadsworth.